## MIDLAND NAT. BANK v. BROWN. [*]
### (No. 1843.)

(Court of Civil Appeals of Texas. El Paso. Jan. 28, 1926. Rehearing Denied Feb. 25, 1926.)

1. Appeal and error ⊜⟶361(5)—Refusal by Supreme Court of writ of error impliedly approves ruling of Court of Civil Appeals.

Refusal by Supreme Court of writ of error from judgment rendered by Court of Civil Appeals impliedly approves ruling of Court of Civil Appeals.

2. Guardian and ward ⊜⟶122—In guardian's suit to recover ward's money invested with defendant, offsets against guardian for dividends and price of stock sold held proper.

In suit by guardian to recover ward's money invested in defendant's stock, offsets allowed defendant for dividends paid guardian and price of part of stock sold held proper, and fact that original investment was an unlawful diversion of ward's funds did not affect the question.

3. Guardian and ward ⊜⟶131—Proof that guardian received dividends and price of shares sold is sufficient to allow offsets against guardian in suit to recover ward's money invested in defendant's stock.

In guardian's suit to recover ward's money invested in defendant's stock, proof that guardian received dividends and price of part of shares sold is sufficient for allowance of such items as offsets against guardian, regardless whether minor's estate received benefits thereof.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Suit by Z. T. Brown, guardian, against the Midland National Bank. Judgment for plaintiff and defendant appeals. Affirmed.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Harper & Howard, of El Paso, for appellee.

HIGGINS, J. This is the second appeal in this case. See 268 S. W. 226.

The suit is by the guardian, Brown, and is to recover for his ward money belonging to the

latter which had been invested in stock of the appellant bank, and also $560 of the ward's money paid to the bank in 1922 upon a stock assessment.

It was shown upon the trial, and the court so found, that four shares of the stock had been sold by the guardian, and he had been paid certain dividends upon the stock. Judgment was rendered in favor of the guardian for the sums sued for, with interest, less the amounts received by him as dividends, with interest, and for the four shares which he had sold, with interest. From this judgment the bank appeals.

The court found that the money originally invested in the stock of the bank was so invested, with full knowledge on the part of the bank officials of the source from which the money came; also the stock assessment was paid with the ward's money, with like knowledge on the part of the bank officials.

Upon the former appeal this court held that the original investment and subsequent payment of the assessment was an unlawful diversion and misappropriation of the funds of the ward, and, if done with the knowledge of the bank's officers, it was recoverable from the bank. It was further held that the cause of action was not barred by limitation.

[1] The merits of this suit were fully and carefully considered and disposed of by the opinion rendered upon the former appeal. A writ of error was applied for and refused; the Supreme Court thereby impliedly approving our ruling. There is, therefore, no occasion for further discussion of the questions ruled adversely to the appellant upon the former appeal.

The first, third, and fifth propositions are controlled by the former opinion, and are overruled for the reasons stated therein.

The second and fourth propositions are controlled by the trial court's finding that the money sued for was paid to the bank, with knowledge upon the part of the bank officials of the source from which it came. These findings are supported by the evidence, and we approve the same. This disposes of appellant's assignments. Appellee presents cross-assignments of error which call for no extended discussion.

[2, 3] We do not concur in the view that the appellant's pleadings are insufficient to support the court's findings with respect to the offsets allowed against the plaintiff's demand. Nor do we see any reason why such offsets, which consist of dividends paid upon the stock and the price received for four shares sold, were not properly allowed. It seems to us that they were proper deductions. The fact that the original investment and payment of the stock assessment was an unlawful diversion and misappropriation of the minor's funds does not affect the question. With respect to these offsets, it is further objected that it was not shown by the evidence that the minor's estate received the benefit of the moneys thus received. The evidence shows that the money was paid to the guardian. That was all that was necessary to be shown. If the guardian failed to account therefor to his ward's estate, that is a matter between the ward and the guardian. The latter and his bondsmen are liable, if he failed to account for the same. However, the guardian's testimony establishes that he did account to the estate for the moneys allowed by the court as an offset.

The cross-assignments complaining of the admission of the evidence of the witness Barron present no error.

All assignments presented by the appellant and appellee are overruled.

Affirmed.